## Reik's Estate

Before Gest, Henderson, Van Dusen and Sinkler, JJ., and Marx, P. J., twenty-third judicial district.

*Louis Waber* and *William M. Boenning*, for exceptant.

*Peter P. Zion* and *Jacob Boonin*, contra.

HENDERSON, J., March 10, 1933.—Counsel for the exceptant, the accountant, upon our direction, has furnished us with a complete copy of the mortgage deed securing the bonds in question and it will be annexed hereto, as only excerpts appear in the record. We direct attention to article five and especially to the clauses thereof omitted from the extracts placed in the record.

Under these clauses the trustee was generously absolved from many of its duties, both as to acts of omission and commission. Section two of this article absolves the trustee from "any liability and responsibility" for permitting the mortgagor to use and enjoy the property until "default and notice as aforesaid," i. e., notice in writing by holders of one-quarter of class A bonds or two-thirds of class B bonds, accompanied by a deposit of said bonds and giving "adequate security and indemnity against all costs, expenses and liabilities to be by the said trustee incurred, to give *notice* to the said mortgagor" that the covenants have been broken.

Similar clauses absolve the trustee from all liability for its duties connected with "any destruction, loss, injury or damage" to the property; and from its duties in consequence of the breach of the covenants of the mortgagor; and from the exercise of any judgment or discretion; but the trustee was permitted to resign by giving "notice in writing to the mortgagor and *to all known bondholders.*"

It should be noted that while the holder of these two class B bonds was searching for the holders of sufficient of these bonds to constitute the two-thirds required to enforce foreclosure, the trustee could resign with much less effort and throw upon the unknown bondholders the burden of learning some day that possibly and probably they have been wiped out.

The much superior rights of class A bondholders, coupled with the much strangled rights—or lack of rights—of the class B bondholders, and with the fact that the so-called trustee of this mortgage was such in name only (see

Curran's Estate, 17 D. & C. 435), rendered these bonds precarious in the extreme and a most improvident investment for trust funds. It makes little difference what was spent on the property when the dice were loaded against the class B bondholders.

All the further facts are fully covered in the adjudication and need not be recited again.

The advice of counsel will protect a trustee on questions of law but will not relieve him from exercising the discretion which belongs to him alone and which must be exercised in the light of the pertinent facts.

In this case, the trustee of this estate made an abject surrender of his duties towards the beneficiaries of this trust. It will not do to argue that the acts delegated were merely ministerial. They were in a high degree discretionary, and had the discretion been properly exercised, the losses, at least, would have been ameliorated.

The auditing judge also heard the petition for the removal of the trustee, and this he has granted because of the supine negligence and wilful default in the management of this trust.

Accountant's exception No. 5 complains, in view of the surcharge, that the assets, as indicated in the account and for which the surcharge is made, should have been awarded to the accountant individually upon payment of the surcharge. This is proper, and the adjudication is amended accordingly.

All exceptions to the adjudications upon the account and upon the petition to remove the trustee are dismissed, and these adjudications, as herein modified, are confirmed absolutely.